## ALEXANDER ELLIS *vs.* NARRAGANSETT STEAMSHIP COMPANY.

The officers of a steamship have a right to reserve a table in the dinner cabin for their own use; and in an action by a passenger for an assault in removing him from such table, a ruling that if such reservation was not necessary, and was not required for them, and there was no injury or inconvenience from the plaintiff's remaining there, there was no right to remove him, is erroneous.

CHAPMAN, C. J. It appears that the defendants were carriers of passengers by water, between New York and Fall River, upon their steamship, and that the plaintiff had purchased a first class ticket, and entitled himself to all the rights of a first class passenger. This action is brought for an assault and battery committed upon him while he was in the saloon where he had properly gone for supper. He had seated himself at a table, and the

assault was made by the servants in attempting to remove him from it. It is not necessary to state the particulars. · There was evidence tending to show that the table had been reserved for the captain.

The defendants requested the court to rule " that if the plaintiff was informed that the table where he was, was the captain's table, and that the plaintiff must leave it, and that if he would take a seat at another table he would be served, and he did not leave the table, the defendants had a right to exclude him from that table, using no more force than was reasonably necessary for that purpose." But the presiding justice declined to rule thus, and among other rulings instructed the jury as follows : " In order to recover, there must be proof of an assault. If the servants undertook by force to dislodge the plaintiff from the seat, and to compel him to give it up, it was an assault." " If the plaintiff was told that that was the table reserved for the officers, and that he would not be served there, but if he would go to another table he would be served, that was all right on the part of the defendants, and a proper course of conduct thus far ; but whether they were justified in using force to remove him, was for the jury upon the facts proved ; if it was necessary to keep that table for the officers or others for whom it was reserved, sufficient force might be justified ; but if it was not thus necessary, and it was not required for such persons, and there was no injury or inconvenience from the plaintiff's remaining there, they had no right to remove him by force." These rulings are made on the assumption that the officers had made such reasonable provision as they could for passengers at other tables, and that it was actually sufficient, and restricts their right to prevent passengers from taking their meals at the officers' private table.

But we do not think they are thus restricted. As incident to their right to control and manage the boat, they had a right to reserve the table for themselves exclusively ; and, if any passenger should persist in remaining at it, after proper notice that it was thus reserved, and that provision would be made for him elsewhere, they would have a right to remove him by force, so

far as it might be necessary to use it. But the ruling that they had no right to remove him by force unless it was necessary to reserve the table was erroneous. *Exceptions sustained.*

*J. D. Ball,* for the defendants.

*W. A. Field,* for the plaintiff.